IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER CLARK,<br><br>            Plaintiff,<br>    v.<br><br>CHARLES BOYLE, et al.,<br><br>            Defendants<br>_____/ | No. C 12-3559 RS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT WITH LEAVE TO AMEND, DENYING REQUEST FOR REASSIGNMENT, GRANTING REQUEST TO PERMIT E-FILING, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

   Plaintiff seeks leave to proceed *in forma pauperis.* ("IFP"). Plaintiff having made an adequate showing of indigence, the IFP application is granted.  Under 28 U.S.C. §1915, however, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  As presently drafted, the complaint is without merit in that it fails to set forth a cognizable claim.  Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  The first part of this requirement—"a short and plain statement of the claim" —cannot be read without reference to the second part —"*showing* that the pleader is entitled to relief."  The Supreme Court has made clear that while "showing" an

entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

Here, the complaint fails to comply with these requirements in at least two ways. First, it is not a "short and plain" statement, but instead is filled with unnecessary and improper argument and citations. Inclusion of extraneous materials not only violates the spirit and letter of the rules, it also renders it nearly impossible to determine whether any allegations of fact buried within the rhetoric might support a viable claim against at least some defendants. Second, and more importantly, the relatively few non-argumentative or conclusory facts pleaded as to plaintiff's own interactions with defendants "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

Additionally, while it is not possible to discern the precise nature of all of the claims plaintiff may be intending to assert, it is clear that many of his theories are simply not viable. For example, although the complaint conclusorily asserts that defendants in some instances acted "under the color of law," no facts have been pleaded to suggest that defendants qualify as a state actors, for the purposes of asserting constitutional claims.

Accordingly, the complaint is dismissed. Although it is far from certain that the deficiencies in the complaint can be cured, in light of his *pro se* status, plaintiff will be given leave to amend. If plaintiff elects to amend, he must do so within thirty days. In his amended complaint, plaintiff should state the specific facts supporting each claim, and plainly identify the claims asserted against each defendant. Plaintiff is encouraged to give careful consideration as to whether it is appropriate to include all of the defendants and legal theories listed in the original complaint. The Court directs plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information on the Court's website located at http://cand.uscourts.gov/proselitigants.

Plaintiff's request for leave to register for e-filing in this action is granted. Plaintiff may register for ECF at the following website: https://ecf.cand.uscourts.gov/cand/newreg/index.html.

Plaintiff must also register on PACER to view documents and the docket sheet: www.pacer.gov. Plaintiff must comply with the Federal Rules of Civil Procedure and all local rules pertaining to electronic filing . By registering, plaintiff accepts responsibility for all technical requirements and computer-related tasks associated with participation in the ECF program.

After registering on ECF and PACER, plaintiff must file a notice of ECF registration that plaintiff has made available an electronic mail address for service of papers electronically filed on the docket. Upon filing of such notice, the court will designate this action for the ECF program. This exemption may be revoked at the discretion of the court at any time.

The initial Case Management Conference herein is continued to April 25, 2013 at 10:00 a.m.

IT IS SO ORDERED.

Dated:  1/17/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3